FILED
CLERK
4/3/2019 3:23 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDREW MALONE,

                Plaintiff,

    -against-

ARTHUR BYRNS, JOHN DOES 1-3, JANE DOE,
JERRY MOONEY, MUNICIPALITY,

                Defendants.
----------------------------------------------------------------X

**ORDER**
18-CV-06164 (JMA)(ARL)

**AZRACK, United States District Judge:**

      On November 1, 2018, pro se plaintiff Andrew Malone ("plaintiff") commenced this action against Arthur Byrns ("Byrns"), Jerry Mooney ("Mooney"), "Municipality"[1] and four unidentified individuals ("John Does" and "Jane Doe" and collectively, "defendants") alleging civil rights violations pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. For the reasons that follow, the application to proceed in forma pauperis is granted. However, the Court sua sponte dismisses the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

## I.    BACKGROUND[2]

      Plaintiff's sparse complaint is submitted on the Court's Section 1983 complaint form with three pages of attachments. Plaintiff alleges that his property was removed from his residence and the "tenant and landlord rule was broken so many times." (Compl. ¶ V; Ex. 1 to Compl. at 2.) Plaintiff also alleges that the "defendants are still going in and out of my apartment, day by

---

[1] Plaintiff identifies the "municipality" as East Hampton in the second paragraph of the complaint.

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (stating in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

day . . . coming in – going out with no notice at all." (Compl. ¶¶ IV.A, V.) Plaintiff provides the same address for himself and for each of the defendants, namely 219 Accabonac Road, East Hampton, NY 11934.[3]

According to the complaint, plaintiff's mattress was infested with bed bugs and, rather than just replace the mattress, "staff members" put all of plaintiff's property in plastic garbage bags and discarded it. (Ex. 1 to Compl. at 3.) Plaintiff claims that the defendants said that plaintiff had "bugs coming out of the walls and his close [sic]" and replaced his property with items collected from churches and other tenants. (Id.) Plaintiff seeks to recover a damages award of $10,000. (Compl. ¶ V.)

On December 17, 2018, plaintiff filed a two-page, unsigned "status report" that describes statements made by other tenants and given to Brontie O'Neal, a frequent litigator in this Court, and apparently written by O'Neal. (ECF No. 7.) On January 23, 2019, plaintiff filed an "exhibit" to the complaint that appears to be an "event report" by the East Hampton Town Police. (ECF No. 9, ("Report").) The Report states that plaintiff contacted the police on December 10, 2018 and reported that an "assortment of miscellaneous clothing" and an original, signed Willem de Kooning painting (valued at $25,000) were taken from his apartment by the East Hampton Housing Authority. (Report at 5–6.) According to the Report, plaintiff "states that he does not have any documentation showing that he had possession of the painting." (Id.) The Report also states that the police interviewed Mooney, the East Hampton Housing Authority Director, who reported that "Malone's apartment was severely infested with bed bugs which spread to several apartments and required all of the property from his apartment to be removed and thrown away." (Id. at 6.)

---

[3] On January 23, 2019, plaintiff filed an exhibit to the complaint that includes "Apt. 33" as part of his address. (See ECF No. 9 at 6.)

According to Mooney, "he advised this to Malone in which he had no objection at the time and does not recall ever seeing the painting in the apartment." (Id.) Mooney further reported that "he has given Malone a TV, furniture, a bed and clothing as well as other local charities trying to assist Mr. Malone." (Id. at 6–7.) Finally, Mooney reported that "he has spent a lot of time with Mr. Malone and this issue has only recently been brought up since a friend of Mr. Malone, Brontie O'Neal, has been communicating with Mr. Malone pushing Mr. Malone to sue the East Hampton Housing Authority." (Id. at 7.) The Report concludes that Malone "wants the incident to be documented only at this time." (Id.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declarations in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

C. Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" against each defendant named so that they have adequate notice of the claims against them. Fed. R. Civ. P. 8(a)(2), see Iqbal, 556 U.S. at 678 (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted). A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal citations and alterations omitted). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well

4

disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Here, as is readily apparent, plaintiff's complaint falls well short of the required pleading standard. The substance of plaintiff's claims is included in three separate submissions—filed on November 1, 2018, December 17, 2018,[4] and January 23, 2019—and it is impossible to determine the basis for his claims, the manner in which he was allegedly harmed, and who, if anyone, harmed him. Additionally, wholly absent from the complaint are any allegations describing what, if anything, each person named in the complaint allegedly did, or failed to do, and how such action or inaction violated plaintiff's rights. See Mendes Da Costa v. Marcucilli, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order), cert. denied, 138 S. Ct. 156 (2017) (affirming dismissal where it was "virtually impossible to link the various defendants to [the plaintiff's] alleged injuries"). For these reasons, plaintiff's complaint is dismissed without prejudice.

**D.     Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795–96 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, in an abundance of caution, the Court grants plaintiff thirty (30) days to amend his complaint to properly state a claim. Should plaintiff choose to file an amended complaint, the amended complaint must identify the individual defendants who are responsible for any

---

[4] This document was unsigned and apparently authored by Brontie O'Neal. Should plaintiff wish to include this document as an exhibit to his amended complaint, it should be signed by O'Neal.

deprivation of his constitutional rights and allege facts identifying how each defendant was personally involved in any such deprivation.[5] Plaintiff is advised that an amended complaint replaces the original complaint in its entirety and therefore must include all of relevant claims and factual allegations against defendants in a single submission. The amended complaint must be captioned as "Amended Complaint" and bear the same docket number as this Order: 18-CV-6164 (JMA)(ARL). If submitted, any amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915A. Should plaintiff prepare an amended complaint, he should carefully consider this Order and amend his claims accordingly.

If plaintiff again fails to plead sufficient facts in his amended complaint, or if he fails to file an amended complaint within thirty (30) days, he will not have another opportunity to re-plead, and the Court will enter judgment. Alternatively, plaintiff may pursue any valid claims he may have against the defendants under state law in state court.

### III.    CONCLUSION

For the forgoing reasons, the complaint is <u>sua sponte</u> dismissed without prejudice for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for noncompliance with Federal Rule of Civil Procedure 8. The Court grants plaintiff thirty (30) days to amend his complaint to properly state a claim. If plaintiff again fails to plead sufficient facts in his amended complaint, or if he fails to file an amended complaint within thirty (30) days, he will not have another opportunity to re-plead, and the Court will enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

---

[5] If plaintiff does not know the name(s) of the individuals whom he seeks to hold liable, he may continue to include them as "John Doe" and "Jane Doe" defendants. However, plaintiff must include some factual information describing any such individual, including when and how their action or inaction violated plaintiff's rights, such that their identities may be ascertained.

would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:  April 3, 2019
        Central Islip, New York

    /s/ JMA
Joan M. Azrack
United States District Judge